IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES FREER,

              Plaintiff,             ORDER

v.

                                     09-cv-760-slc

BARBARA B. CRABB and
MARGUERITE M. MOELLER,

              Defendants.

---

In 2008, plaintiff James Freer filed a petition for a writ of habeas corpus in this court, challenging the validity of his January 2002 conviction in the Circuit Court for Dane County for first and second degree sexual assault of a child and repeated sexual assault of the same child. The State of Wisconsin was represented in that case by assistant attorney general Marguerite Moeller. On June 19, 2008, United States District Judge Barbara B. Crabb entered an order dismissing the petition with prejudice on the ground that it was an unauthorized successive petition. *Freer v. Thurmer*, 08-cv-135-bbc, dkt. 22. Freer appealed that ruling, but his appeal was eventually dismissed for his failure to file the Docketing Statement required by Seventh Circuit Rule 3(c). *Id.*, dkt. 43.

Freer has now sued Judge Crabb and Moeller under 42 U.S.C. § 1983, alleging that they acted in concert to fraudulently deny him relief in his habeas action. Because Judge Crabb is a defendant, the case was assigned to me, the only other judge in this court. If I had the authority to do so, I would dismiss the complaint in its entirety on the ground that it is patently frivolous: both Judge Crabb and defendant Moeller enjoy absolute immunity for their conduct in Freer's habeas case. *Forrester v. White*, 484 U.S. 219, 226-27 (1988) (judges absolutely immune from

liability for judicial conduct); *Auriemma v. Montgomery*, 860 F.2d 273, 275-76 (7th Cir. 1988) (government lawyers entitled to absolute immunity in defending government in civil litigation).

However, magistrate judges are not authorized to dismiss civil claims unless all parties agree that the magistrate judge can preside over the case. 28 U.S.C. § 636(c). Although this court has not yet had the opportunity to ask Freer whether he consents to my jurisdiction, it is obvious that he would decline: Freer already has asked this court to transfer his case to the Eastern District of Wisconsin because he believes he will not get a fair hearing in this court. *See* Dkt. 6. In light of this, attempting to obtain consent from Freer would be futile. Instead, Freer's motion for a transfer will be granted.

ORDER

IT IS ORDERED THAT the clerk of court shall transfer this case to the United States District Court for the Eastern District of Wisconsin.

Entered this 5th day of January, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge